Filed 7/10/25  P. v. Maddox CA4/2

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FOURTH APPELLATE DISTRICT

# DIVISION TWO

THE PEOPLE,

    Plaintiff and Respondent,

v.

BRANDON LEE MADDOX,

    Defendant and Appellant.

E084715

(Super.Ct.No. RIF1605919)

OPINION

APPEAL from the Superior Court of Riverside County.  Helios (Joe) Hernandez, Judge.  (Retired judge of the Riverside Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed.

Deanna L. Lopas, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

In this *Anders/Wende*[1] matter, defendant and appellant Brandon Lee Maddox appeals from his conviction under a plea agreement to six of 20 alleged felony counts after he and an accomplice robbed a Moreno Valley medical marijuana dispensary in 2016. Defendant's guilty plea included two counts of assault with a semiautomatic firearm (§ 245, subd. (b)) and a count each of robbery (§ 211), dissuading a witness (§ 136.1, subd. (c)(1)), criminal threats (§ 422), and grand theft (§ 487, subd. (a)). Defendant admitted to multiple firearm enhancements (§§ 12022.5, subd. (a), 12022.53, subd. (b)) on several of the counts, a prior strike (§§ 667, subds. (c), (e)(1), 1170.12, subd. (c)(1)), and a serious prior felony conviction. (§ 667, subd. (a)). Pursuant to the plea agreement, the trial court dismissed the remaining enhancement allegations and counts, including a charge of kidnapping to commit robbery or other serious felonies (§ 209, subd. (b)(1)). Before entering his guilty plea, defendant faced a potential life sentence; under the plea terms, the court sentenced defendant to an aggregate, determinate sentence of 36 years in prison.

Prior to negotiating his plea, defendant filed a motion under section 1001.36 for diversion of his case to a mental health treatment program in lieu of prosecution. The court ordered a mental health evaluation and, following a hearing, denied defendant's motion. The court found defendant was "not a viable candidate for informal treatment in the community, which is what diversion is." Defendant's trial counsel did not object to the court's suitability decision ("That's 100 percent within your discretion").

---

[1] *Anders v. California* (1967) 386 U.S. 738; *People v. Wende* (1979) 25 Cal.3d 436.

Defendant appealed his conviction and this court appointed appellate counsel. Counsel's review of the record and applicable law uncovered no issues of arguable merit, including after consultation with Appellate Defenders, Inc. (See *People v. Johnson* (1981) 123 Cal.App.3d 106, 109 [threshold for "an arguable issue" requires "a reasonable potential for success" on appeal].) Without contending the trial court erred, counsel suggests for our independent review only the following issue: Whether the court abused its discretion by denying the request for mental health diversion and, if so, whether such claim is cognizable when defendant waived his right to appeal as part of his plea?

Having independently reviewed the record for potential error, we are satisfied defendant's attorney has fully complied with the responsibilities of counsel and no arguable issue exists. (*People v. Kelly* (2006) 40 Cal.4th 106, 126; *People v. Wende*, *supra*, 25 Cal.3d at pp. 441-442.)

**DISPOSITION**

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER

J.

We concur:

RAMIREZ

P. J.

CODRINGTON

J.